## 10824

### KINSEY v. COLLETON CYPRESS CO.

#### (110 S. E. 393)

1. MASTER AND SERVANT—PROOF OF ONE SPECIFICATION OF NEGLIGENCE AS CAUSE OF INJURY SUFFICIENT.—In action for an employee's death, plaintiff is required to prove only one specification of negligence as the proximate cause of the injury.

2. MASTER AND SERVANT—FAILURE TO INSTRUCT WOODCUTTER HELD NOT PROXIMATE CAUSE OF INJURY.—Failure to instruct a new woodcutter could not be the proximate cause of his death by the falling of a tree other than the tree that was being cut; the testimony utterly failing to connect the fall of the dead tree with the fall of a live tree that was cut down.

3. MASTER AND SERVANT—CARE REQUIRED IN FURNISHING SAFE PLACE FOR WORKMAN FELLING TREES.—It is not the duty of a master to free the woods of dead trees before its employees enter upon their work of felling trees, and master is only liable for negligence in failing to provide a reasonably safe place considering the dangerous nature of the work, and recovery cannot be had for the death of an employee through the fall of a dead tree while he was running after felling a live tree where there is no evidence connecting the fall of a dead tree with the felling of the live tree.

Before DeVore, J., Colleton, March, 1921.   Reversed.

Action by Nettie Kinsey as administratrix of  Grady Kinsey against Colleton Cypress Co.   From judgment for plaintiff defendant appeals.

*Messrs. Padgett & Moorer,* and *Mitchell & Horlbeck,* for appellant, cite: *No duty to warn servants where danger is obvious*: 26 Cyc. 1169, 1196, 1202, 1204, 1241; 85 S. C., 372; 44 L. R. A. 34; 85 S. E., 152; 72 S. C., 237; 93 S. C., 193; 55 S. C., 483; 48 S. C., 190; 70 S. C., 476; 84 S. C., 283; 27 S. C., 75; 102 S. C., 281; 111 S. C., 372; 102 S. C., 409. *Danger is obvious in felling trees*: 2 L. R. A. (N. S.) 840; and note 31 So. 848 (Ala.); 167 N. Y. 307, 54 L. R. A. 52; 134 Ga. 641; 20 Ann. Cas. 248. *Obligation of master does not extend to protecting servants from risks created by negligence of servants themselves*: 3 Labott M. & S. Secs. 903, 1177, 1246, 26 Cyc. 1324, 1321, 18 R. C. L., 595. *Or arising during progress of the work without fault of master:* 93 S. E., 381; 28 L. R. A. (N .S. ) 1267; 25 L. R. A. (N. S.) 321; 19 L. R. A. (N. S.) 344; 19 L. R. A. (N. S.) 352; 19 L. R. A. (N. S. ) 361. *Negligence, if any, was of fellow servants*: 71 S. C., 57; 85 S. C., 370. *Deceased was independent contractor*: 31 S. C., 378.

*Messrs. R. M. Jeffries* and *Heber R. Padgett,* for respondent, cite: *Deceased was a servant, not an independent contractor:* 16 N. C., 333; 19 Ann. Cas. 6; 14 R. C. L. 78; 93 S. C., 131; 61 S. E., 811; 15 S. C., 82; 89 S. E., 238; 97 S. W., 549. *Exceptions as to admission of testimony and errors in charge not properly before the Court*: 81 S. C., 20; 80 S. C., 407; 83 S. C., 278. *Negligence is for jury and charge thereon was proper*: 106 S. C., 84; 103 S. C., 343; 66 S. C., 482. *Law charged was correct and jury could decide applicability*: 102 S. C., 77. *And question should have been made at the trial, not on appeal*: 78 S. C., 537; 101 S. C., 532. *Question of safe place was for the jury*: 99 S. C., 100; 66 S. C., 482. *Relevancy of testimony is in wise discretion of the presiding Judge*: 98 S. C., 121; 83 S. C., 103. *Admission cured by cross examination*: 105 S. C., 423. *And no further objection made*: 91 S. C., 523. *Responsive to allegations of complaint*: 83 S. C., 329.

*Enough testimony to sustain verdict*: 108 S. C., 472; 98 S. C., 289. *Motion for directed verdict cannot take place of a demurrer*: 78 S. C., 537; 105 S. C., 273. *If there is any evidence to support a verdict it will be submitted on appeal*: 99 S. C., 417; 88 S. C., 281; 26 R. C. L. 1069; 1076; 85 S. C., 430; 109 S. C., 90; 108 S. E., 363; 104 S. C., 149. *Defendant failed in primary duty to warn and instruct*: 99 S. C., 417; 101 S. C., 73; 108 S. E., 195. *Particularly as danger was hidden*: 110 Pac. 27; 157 Pac. 678; 118 C. C. A. 180; 199 Fed. 742; 140 N. W. 125; 91 S. C., 273; 101 S. C., 73. *Question for jury whether servant appreciates dangers*: 112 S. C., 541; 18 R. C. L., 567. *One act of negligence sufficient to send case to jury*: 111 S. C., 430; 108 S. E., 180; 114 S. C., 78. *Assumption of risk*: 14 A. & E. Enc. Law 957; 102 S. C., 223. *Of hidden dangers*: 112 S. C., 541; 18 R. C. L., 685. *If testimony is capable of more than one inference question is for jury*: 114 S. C., 346; 89 S. C., 387.

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for a death by wrongful act.

Grady Kinsey was at work cutting down trees for the defendant company. He had only a few days' experience in cutting down trees. The men who cut down the trees worked in pairs. The deceased and another new man worked together for a few days. They came to the conclusion that it was better to get coworkers of experience, and the deceased took J. H. Varn as his coworker. The cutters were assigned certain territory in which to cut. These workers selected the trees they were to cut and the order in which they were to be cut. They came to a place where there was a live tree to be cut and near it a dead tree. They cut the

live tree, and when it started to fall Varn ran west as the tree was falling to the east. The deceased ran. For some unaccountable reason the dead tree fell on him and crushed his head. The administrator brought suit for his death.

At the close of the plaintiff's evidence the defendant put in no testimony, but moved for a directed verdict. This motion was refused.

There are a great many exceptions, but, in the view that this Court takes of the case, only one question need be considered: Was there any evidence of negligence as the proximate cause of the death of the deceased? The plaintiff is required to prove only one specification as the proximate cause of the death.

(a) The first specification of negligence is the failure of defendant to instruct the deceased of the danger. Varn, the experienced and instructed co-worker chosen by the deceased on account of his skill and experience, apprehended no danger. There is nothing in the case to even suggest in any way that the fullest instruction would have prevented the accident. The instructions to which the testimony referred were instructions that would enable the cutter to avoid injury from the tree that was being cut down. There is no presumption of negligence here. The injury in this case was not from the tree that was being cut down, but from the dead tree. The testimony in the case utterly failed to connect the fall of the dead tree with the fall of the tree that was cut down. The plaintiff's witness, Varn, said he did not know what caused the dead tree to fall. Indeed, the appellant's argument frankly states "the cause of the falling of the dead tree being unknown." This specification is not made out.

(b) The next allegation of negligence is like the first— a failure to warn the deceased of the dangers of felling trees. What is said above determines this specification, and it cannot be sustained.

(c)   This also complains of want of instruction to an inexperienced servant, and is not sustained by the evidence.

(d)  That the negligence consisted in not furnishing the deceased with a safe place to work.  The plaintiff emphasized the danger of felling trees.  It is conceded in this case that felling trees is a dangerous business, and that the deceased knew it.  It is not suggested that it is the duty of the master to free the woods of dead trees before his employees should be allowed to enter upon their work.  The master·is liable for negligence in failing to provide a reasonably saf: place, considering the nature of the work.  When the plaintiff failed to connect the fall of the dead tree in any way with the felling of the tree, she failed to make out her case, and a verdict should have been directed.

Judgment reversed.